IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TIMOTHY E. TWEED<br><br>*Plaintiff,*<br><br>v.<br><br>RAPPAHANNOCK REGIONAL JAIL, et al.<br><br>*Defendants.* | Case No. 1:16-cv-01164<br>Hon. Liam O'Grady |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Dkt. No. 44) and Defendants' Motion for Summary Judgment (Dkt. No. 58). Discovery in this case closed on September 28, 2017. The Court has thoroughly considered the briefings, giving additional attention and consideration to Mr. Tweed's pro se filings, and dispensed with oral arguments. For the following reasons, the Court finds that Plaintiff has failed to carry his burden to prove a prima facie case for age discrimination under the ADEA and that Plaintiff is unable to show that Defendant's non-discriminatory reasons for terminating Plaintiff were pretextual. An accompanying order has already issued (Dkt. No. 88).

### I. BACKGROUND

Plaintiff Timothy Tweed has sued the Rappahannock Regional Jail (RRJ), the RRJ Authority, and four RRJ employees in their individual and official capacities alleging Mr. Tweed was terminated from his position as a probationary correctional officer (CO) because of his age in violation of the Age Discrimination in Employment Act (ADEA). Am. Compl. 1-4. RRJ hired plaintiff Mr. Tweed on September 29, 2014 to serve as a CO. Defendants' Motion for Summary

Judgment Statement of Material Facts Not in Dispute ¶¶ 1-2. Mr. Tweed was 40 or older when he was hired.[1] RRJ initially rejected Mr. Tweed for employment. Plaintiff's Motion for Summary Judgment Statement of Facts ¶ A. Mr. Tweed wrote to RRJ to inquire if age was a factor in its decision not to hire him. *Id.* ¶ B. Subsequently, RRJ hired Mr. Tweed. *Id.* COs are hired on a probationary basis for twelve months and may be terminated for any reason during that time.[2] Defendants' Motion for Summary Judgment Statement of Material Facts Not in Dispute ¶¶ 3, 5. During the course of a CO's probation, the RRJ supervisors conduct four, eight, and eleven month performance evaluations. *Id.* ¶ 6. Mr. Tweed received his four month performance evaluation in January 2015, where he received a score of 2.5, below standards and defined as "job performance reflects a need for improvement." *Id.* ¶¶ 7-10. As a result of this score, Mr. Tweed was transferred to another unit to give him the opportunity to be evaluated by a different supervisor for his eight month evaluation. *Id.* ¶¶ 11-12. In his eight month evaluation, Mr. Tweed received a score of 2.1. *Id.* ¶ 15. Based on this score, supervisors recommended RRJ terminate Mr. Tweed's employment and RRJ did so. *Id.* ¶ 17.

Factors contributing to Mr. Tweed's poor evaluations were failing to perform routine tasks such as conduct timely security check, record those checks, maintain activity logs, enforce inmate discipline, and, critically, maintain officer safety. *Id.* ¶ 19. Specific conduct included falsifying log records, allowing inmates to walk behind him, leaving his panel logged in but unattended in the presence of inmates, and entering confined spaces with inmates. *Id.* ¶¶ 20, 22. Mr. Tweed received both written and verbal warnings regarding his conduct. *Id.* ¶ 21. In March 2015, Mr. Tweed was suspended for failing to log security checks, failing to complete security

---

[1] No statement of facts before the Court on these cross motions state Mr. Zimmerman's age when he was hired or when he was fired. For purposes of these motions and in consideration of Mr. Zimmerman's pro se status, the Court assumes that there is no dispute that Mr. Zimmerman was over the age of 40 when he was fired.

[2] Defendants necessarily concede this contract provision does not cover termination in violation of the ADEA.

2

checks, and falsely documenting security checks. *Id.* ¶ 22. After his suspension, Mr. Tweed received another reprimand regarding security checks. *Id.* ¶ 23.

Mr. Tweed disputes many of these facts but only on the basis of the purported inadmissibility of the underlying evidence or in an immaterial way, such as debating dates of events. *See* Response to the Statement of Material Facts Not in Dispute ¶¶ 2-35. Ultimately, the questions of fact at this stage in the case are only questions of *immaterial* fact – specifically when a four-month and eight-month performance evaluation is to be conducted, who is to conduct a termination meeting, and what kind of process is afforded to probationary employees who are receiving poor performance evaluations. The Court finds that none of these facts is material to the elements of an ADEA case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

## II. LEGAL STANDARD

Summary judgment will be granted where, viewing the facts in a light most favorable to the non-moving party, there remains no genuine issue of material fact. FED. R. CIV. PRO. 56(c); *Marlow v. Chesterfield Cty. Sch. Bd.*, 749 F. Supp. 2d 417, 426 (E.D. Va. 2010). Conclusory assertions of state of mind or motivation are insufficient. *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988). As the Supreme Court has held, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 519 (4th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247-248 (1986)) (emphasis in original).

Terminations on the basis of age implicate the Age Discrimination in Employment Act of

1967 (ADEA). In an ADEA case, the plaintiff bears the burden of demonstrating that age was the but-for cause of plaintiff's termination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-177 (2009). In cases where there is no direct evidence of age discrimination, a plaintiff may still prevail in an ADEA under the *McDonnell-Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The framework consists of a four-part prima facie test: 1) that the plaintiff suffered an adverse employment action 2) that the plaintiff was at least forty years old when that action occurred, 3) that the plaintiff was performing his duties at a level that met his employer's legitimate expectations at the time of the adverse employment actions, and 4) the plaintiff's position remained open or was filled by similarly qualified applicants outside of the protected class. *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005).

Establishing this prima facie case shifts the burden to the defendant to prove a non-discriminatory reason for the termination. *Id.* If the defendant satisfies its burden, the plaintiff may still prevail if the plaintiff can demonstrate that the established non-discriminatory reason was merely pretextual. *Lettieri v. Equant Inc.*, 478 F.3d 640, 646-47 (4th Cir. 2007).

### III. DISCUSSION

Because there is no direct evidence that RRJ terminated Mr. Tweed because of his age, Mr. Tweed has appropriately pleaded the reasons for his firing as pretextual. *See* Final Am. Compl. ¶ 14. Accordingly, the Court finds the *McDonnell Douglas* framework applicable to resolving the instant motions. Under this framework, the Court finds that Mr. Tweed is unable to establish a prima facie case because he is unable to establish that he was performing his duties at a satisfactory level that met legitimate expectations at the time he was fired and because there are no facts before the Court as to how Mr. Tweed was replaced. The Court further finds that, even if Mr. Tweed were able to establish a prima facie case of age discrimination, Defendants have

offered a wholly believable and non-discriminatory reason for Mr. Tweed's termination – his unsatisfactory performance – and discovery has not yielded any evidence suggesting that reason to be pretextual or unworthy of credence. As such, Defendants are entitled to summary judgment.

*Prima Facie Case*

Mr. Tweed was at least forty years when he was fired from his probationary position as a CO with the RRJ, establishing elements one and two of the prima facie case of age discrimination under the *McDonnell Douglas* framework. Mr. Tweed is unable to establish that he was performing his duties at a level that met his employer's legitimate expectations at the time of the adverse employment actions because there is extensive documentation over the entire course of Mr. Tweed's short employment of Mr. Tweed's failure to perform at a satisfactory level, evidenced by his low performance evaluations, his suspension, and the documented evidence of policy violations, all during his period as a probationary employee. Mr. Tweed has not rebutted this evidence with a showing that other COs who were retained by the RRJ had the same kind low performance evaluations, suspensions, and policy violations. Additionally, Mr. Tweed has not put forth any evidence to show that his position remained open or was filled by similarly qualified applicants outside of the protected class, as required by element 4 of the *McDonnell Douglas* framework.

*Pretext*

Even if Mr. Tweed were able to establish a prima facie case under *McDonnell Douglas*, Defendants have offered a non-discriminatory reason for terminating Mr. Tweed – the well-documented unsatisfactory performance during the length of his employment. Mr. Tweed argues in his filings that several facts indicate pretext: the fact that RRJ hired him only after he

questioned whether his age was a factor in RRJ's initial decision not to hire him, that RRJ did not put him on an explicit performance improvement plan, that RRJ conducted his four and eight month evaluations a few weeks early, and that RRJ did not show him his final evaluation before he was terminated. Plaintiff's Motion for Summary Judgment 12-13.

Even assuming all of these facts are true, the Court is unpersuaded that they demonstrate pretext in Defendants' stated reasons for Mr. Tweed's termination. Mr. Tweed's implicit narrative from these facts is that RRJ hired him despite his age and immediately implemented a plan to terminate him because of his age. There is no evidence of such a scheme and it defies common sense. Because Mr. Tweed is unable to show that Defendants' reasons for Mr. Tweed's termination are pretextual, Defendants are entitled to summary judgment. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

## IV. CONCLUSION

Mr. Tweed is unable to carry his burden to establish a prima facie case of age discrimination and cannot rebut as pretextual Defendants asserted non-discriminatory reasons for his termination. For these reasons and for good cause shown, Defendants are entitled to summary judgment.

December 14, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge